UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| T.P., by and through LATISHA PRENTICE, as his next friend, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15CV374 HEA ) ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act (Act), 42 U.S.C. §§ 1381, *et seq*. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's application.

### **Facts and Background**

On September 11, 2013, Administrative Law Judge Beverly Susler Parkhurst conducted a hearing. Plaintiff appeared in person in St. Louis. An impartial medical expert also appeared at the hearing. The ALJ conducted the hearing from

Chicago, Illinois. Plaintiff was 14 years old at the time of the hearing. Plaintiff's mother alleged Plaintiff was disabled due to asthma, headaches and depression.

Plaintiff testified that he has trouble in school because he falls asleep in class, cannot play sports because of his asthma and plays video games and draws for fun. Plaintiff takes albuterol inhaler, Zyrtec, Advair, Flonase, and sometimes Benadryl. Plaintiff testified his medication makes him drowsy. He is more talkative and active without the medication. Plaintiff had been to the emergency room three or four times in 2012, and had not been to the emergency room in 2013 at the time of the hearing. No hospital admissions resulted from the emergency room visits because hospital personnel were able to get Plaintiff's breathing under control with medication.

Plaintiff also testified that he takes no medication to help with his moods or with any behavioral problems at school. He does not see any kind of counselor. In 2012, Plaintiff was placed in an anger management class at his school for about two months. Plaintiff attends regular classes.

Plaintiff's mother testified that Plaintiff was taken to the emergency room twice in 2011, and he was hospitalized once in 2011 for two days. She testified that Plaintiff has asthma attacks three to four times per week for which she gives him his inhaler. Plaintiff is "ashamed" of his asthma; he gets into fights because

he used to be teased. Plaintiff used to fail to take his medication because he said they made him feel "funny."

The ALJ found Plaintiff not to be disabled under the Social Security Act.

The Appeals Council denied Plaintiff's request for review on January 16, 2015. The decision of the ALJ is now the final decision for review by this court.

**Statement of Issues**

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here Plaintiff asserts the ALJ failed to properly consider Plaintiff's asthma at step two of the sequential evaluation process in that her analysis is not supported by substantial evidence; and the ALJ failed to exercise her duty to fully and fairly develop the record regarding Plaintiff's mental impairments.

**Standard for Determining Disability**

A claimant under the age of eighteen is considered disabled and eligible for SSI under the Social Security Act if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner is required to undergo a three-step sequential evaluation process when determining whether a child is entitled to SSI benefits. First, the Commissioner must determine whether the child is engaged in substantial gainful activity. If not, the Commissioner must then determine whether the child's impairment, or combination of impairments, is severe. Finally, if the child's impairment(s) is severe, the Commissioner must determine whether such impairment(s) meets, medically equals or functionally equals the severity of an impairment listed in Appendix 1 of Subpart P of Part 404 of the Regulations. 20 C.F.R. § 416.924(a); *Garrett ex rel. Moore v. Barnhart,* 366 F.3d 643, 647 (8th Cir.2004). If the impairment(s) meets or medically equals a Listing, the child is disabled. *Garrett,* 366 F.3d at 647. If a child's impairment does not meet or medically equal a listed impairment, the Commissioner will assess all functional limitations caused by the child's impairment to determine whether the impairment functionally equals the listings. 20 C.F.R. § 416.926a. To functionally equal a listed impairment, the child's condition must result in an "extreme" limitation of functioning in one broad area of functioning, or "marked" limitations of functioning in two broad areas of functioning. 20 C.F.R. § 416.926a(a). If this analysis shows the child not to have an impairment which is functionally equal in

severity to a listed impairment, the ALJ must find the child not disabled. *Oberts o/b/o Oberts v. Halter,* 134 F.Supp.2d 1074, 1082 (E.D.Mo.2001).

The Commissioner's findings are conclusive upon this Court if they are supported by substantial evidence. 42 U.S.C. § 405(g); *Young v. Shalala,* 52 F.3d 200 (8th Cir.1995) (citing *Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir.1993)). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Briggs v. Callahan,* 139 F.3d 606, 608 (8th Cir.1998). In evaluating the substantiality of the evidence, the Court must consider evidence which supports the Commissioner's decision as well as any evidence which fairly detracts from the decision. *Id.* Where substantial evidence supports the Commissioner's decision, the decision may not be reversed merely because substantial evidence may support a different outcome. *Id.*

## ALJ Decision

The ALJ here utilized the three-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful activity since January 23, 2012, the application date. The ALJ found at Step Two that Plaintiff had the medically determinable impairment of asthma.

At Step Three, the ALJ found that Plaintiff's impairments caused no more than minimal functional limitations; and therefore Plaintiff did not have an

impairment or combination of impairments that is severe. (20 CFR Part 416.924(c)).

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d

860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

Plaintiff asserts the ALJ failed to properly consider Plaintiff's asthma at step two of the sequential evaluation process and that the ALJ's analysis is not supported by substantial evidence. Plaintiff argues that the ALJ did not properly develop the record regarding Plaintiff's mental impairments.

The ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. § 416.924(a). For a claimant under the age of 18, a medically determinable impairment or combination of impairments is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. 20 C.F.R. § 416.924(c).

If the claimant does not have a severe medically determinable impairment or combination of impairments that is severe, he is not disabled. *Id.* The ALJ acknowledged that Plaintiff had the medically determinable impairment of asthma, but found that it did not cause more than minimal functional limitations and was, therefore, not severe. The ALJ considered that Plaintiff did not require significant recent treatment for his asthma, the fact that his asthmatic exacerbations were generally correlated with medication non-compliance, and evidence that his asthma improved with medication compliance. "If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010) (citing *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009)).

The ALJ found Plaintiff's mother's testimony not credible, considering the Medical Expert's testimony that Plaintiff did not experience a mental medically determinable impairment. Recognizing that Plaintiff briefly received mental health treatment, the ALJ noted that Plaintiff was never diagnosed with ADHD. Plaintiff takes no medication for ADHD and the behavioral issues in the record could be attributed to a multitude of reasons. There was no direct correlation to any underlying mental health impairment.

The ALJ gave significant weight to the medical expert, Dr. Wargel's testimony because it is supported by the evidence in the record. Dr. Wargel

testified that because there was nothing in the record to indicate Plaintiff's behavior problems were related to a mental impairment, Plaintiff's behavior might be unrelated to a medical issue.

Likewise, testimony by his mother that Plaintiff is disabled due to headaches and asthma was not credible in that the record establishes that Plaintiff's asthma is well controlled through medication; he only required emergency attention when he was non-compliant with his medication and did not require overnight hospitalization when emergency treatment was sought. Plaintiff's doctors noted that Plaintiff was not properly using his medication to control his asthma. When Plaintiff used his medication properly, his exercise tolerance improved. Plaintiff's most recent pulmonary function studies reflected normal results in February 2013 and August 2013.

Plaintiff also argues that the ALJ failed to exercise her duty to fully and fairly develop the record regarding Plaintiff's mental impairments. Plaintiff points out that the record contains an opinion from Plaintiff's teacher, a psychological non-examining medical expert and a State agency medical consultant. The ALJ thoroughly articulated her rationale in giving great weight to the medical expert; Dr. Wargel's opinions were supported by the medical records before him.

With respect to Dr. Mora's opinions, the ALJ referenced Dr. Mora's opinion in her decision, but, as the Commissioner points out, the ALJ discredited the

- 9 -

opinion because it was conclusory and was inconsistent with all of the evidence discussed by the ALJ throughout her decision.

Mr. Kevin Starks completed a February 2012 questionnaire in which he indicated that he had observed behavioral problems but denied that it had been necessary to implement behavior modification strategies for Plaintiff. Mr. Starks also indicated that Plaintiff had no problems in acquiring and using information, attending and completing tasks, moving about and manipulating objects, and caring for himself. He also denied that Plaintiff frequently missed school due to illness.

Plaintiff argues that the ALJ did not adequately develop the record regarding possible mental impairments because she did not order a consultative psychiatric evaluation. It is elementary that the ALJ is required to order a consultative examination "only if the medical records presented to [her] do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) (citing *Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986)).

In this case, the medical records clearly gave the ALJ sufficient medical evidence to determine that Plaintiff is not disabled. Plaintiff only had brief mental health visits, had not seen a mental health counselor since November 2012 and had never taken any medication to treat any mental impairment.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001). The ALJ's clear and specific opinion is supported by substantial evidence in the record, and therefore is affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 23rd day of March, 2016.

_____
 HENRY EDWARD AUTREY
 UNITED STATES DISTRICT JUDGE